## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TYRELL JAMES,** <br><br> **Petitioner,** <br><br> **vs.** <br><br><br> **UNITED STATES OF AMERICA,** <br><br> **Respondent.** | **MEMORANDUM DECISION AND ORDER LIFTING STAY AND ORDER TO SHOW CAUSE** <br><br> **Case No. 2:20-cv-448-DAK** <br><br> **Judge Dale A. Kimball** |

## I.   LIFTING STAY

On June 25, 2020, Petitioner filed a Motion to Correct Sentence under 28 U.S.C. § 2255 based on *United States v. Davis*, 139 S. Ct. 2319 (2019).  In his underlying criminal case, Petitioner pled guilty to several counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and one count of unlawfully using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).  On August 22, 2018, this court sentenced Petitioner to 144 months imprisonment for these crimes.

Petitioner asserts that his § 924(c) conviction should be vacated because Hobbs Act robbery cannot be classified as a crime of violence.  The United States Supreme Court ruled that the residual clause in § 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).  But the Tenth Circuit has held that a Hobbs Act robbery falls within the elements or force clause of § 924(c), not the residual clause.  Based on these

rulings, Petitioner asked the court to stay this case until the Tenth Circuit resolved a related

Hobbs Act issue in *United States v. Toki*, 17-4153 (10th Cir.).  The Supreme Court granted

certiorari, vacated the Tenth Circuit's *Toki* ruling, 822 F. App'x 848 (10th Cir. 2020), and

remanded the case "for further consideration in light of *Borden v. United States*, 593 U.S. ----,

141 S. Ct. 1817, 210 L. Ed. 2d 63 (2021)."[1]  *Maumau v. United States*, 142 S. Ct. 57 (2021).

Upon remand, the Tenth Circuit ordered that Toki's § 924(c) conviction "based on predicate

[Violent Crimes in Aid of Racketeering] offenses" be vacated.  *United States v. Toki*, Case No.

17-4153, 2022 WL 274411, at *3 (10th Cir. Jan. 31, 2022).  Significantly, however, the Tenth

Circuit left the Hobbs Act convictions undisturbed.  *Id.* (noting petitioners did "not argue that

*Borden* undermined the validity of . . . § 924(c) convictions predicated on Hobbs Act robbery").

In similar cases, Petitioner has asked the court to continue the stay pending a decision by

the Tenth Circuit in *United States v. Baker*, Tenth Cir. No. 20-3062.  *Baker* was briefed, argued,

and then abated pending the Supreme Court's issuance of a decision in *United States v. Justin

Eugene Taylor*, No. 20-1459.  The question presented to the Supreme Court in *Taylor* is whether

18 U.S.C. § 924(c)(3)(A)'s definition of 'crime of violence" excludes attempted Hobbs Act

robbery, in violation of 18 U.S.C. § 1951(a).  Although one of Baker's convictions was for

attempted Hobbs Act Robbery, Petitioner's conviction here does not involve attempt.  Therefore,

the court sees no reason for maintaining the stay pending the Supreme Court's resolution in

*Taylor* and the Tenth Circuit's subsequent decision in *Baker*.

---

[1]  The Supreme Court held in *Borden* that "[o]ffenses with a *mens rea* of recklessness do not
qualify as violent felonies under [the Armed Career Criminal Act]."  *Borden*, 141 S. Ct. at 1834.

Based on the development of caselaw since *Johnson* and *Davis*, the court concludes a stay in this case is no longer warranted. Accordingly, the court ORDERS that the stay in this case is lifted.

## II.   ORDER TO SHOW CAUSE

Section 924(c) has both the elements or force clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Prior to *Davis*, the Tenth Circuit had already ruled that the residual clause was unconstitutional. *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). The fact that § 924(c)(3)(B) is unconstitutional, however, does not address the matter before this court.

In *United States v. Melgar-Cabrera*, the Tenth Circuit ruled that a Hobbs Act robbery "categorically constitute[s] a crime of violence under what is sometimes called the statute's elements or force clause, § 924(c)(3)(A)." 892 F.3d 1053, 1060–66 (10th Cir. 2018). Later that same year, the Tenth Circuit reaffirmed the holding in *Melgar-Cabrera* that a Hobbs Act robbery is a crime of violence. *United States v. Jefferson*, 911 F.3d 1290, 1296–99 (10th Cir. 2018). The same holding also may be found in *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (denying Certificate of Appealability because a "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force"); *United States v. Rojas*, 748 F. App'x 777, 779 (10th Cir. 2018) (applying *Melgar-Cabrera* and *Dubarry* and concluding "that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)"); and *United States v. Myers*, 786 F. App'x 161, 162 (10th Cir. 2019) (rejecting that *Davis* constituted an "intervening Supreme Court authority" that required reevaluation of *Melgar-Cabrera*, but stating even if reconsideration were required, the Court

"would reach the same conclusion:  Hobbs Act robbery is a crime of violence under the elements clause of § 924(c))").  Moreover, the most recent Tenth Circuit decision in *Toki* leaves *Melgar-Cabrera* undisturbed even in light of *Davis* and *Borden*.  *See Toki*, 2022 WL 274411, at *3.

Because the weight of this authority shows that Hobbs Act robbery constitutes a crime of violence under § 924(c) and Petitioner's conviction does not involve an attempted Hobbs Act robbery, pursuant to 28 U.S.C. § 2255(b), the court orders Petitioner to show cause why this case should not be dismissed on the ground that Petitioner "is entitled to no relief."  Petitioner shall respond to this Order to Show Cause on or before **March 11, 2022**.

DATED this 10th day of February, 2022.

BY THE COURT:

Dale A. Kimball,
United States District Judge