IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **TYRELL JAMES,**<br><br>   Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>   Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-448-DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Petitioner Tyrell James's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 based on *United States v. Davis*, 139 S. Ct. 2319 (2019). In his underlying criminal case, Petitioner pled guilty to three counts of Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and one count of brandishing a firearm during and in relation to a 'crime of violence' in violation of 18 U.S.C. § 924(c). On June 12, 2018, this court sentenced Petitioner to 144 months imprisonment for these crimes.

  Section 924(c) has two clauses: the elements or force clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). Prior to *Davis*, the Tenth Circuit had already ruled that the residual clause was unconstitutional. *See United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018). However, in *United States v. Melgar-Cabrera*, the Tenth Circuit ruled that a Hobbs Act robbery "categorically constitute[s] a crime of violence under what is sometimes called the statute's elements or force clause, § 924(c)(3)(A)." 892 F.3d 1053, 1060–66 (10th Cir. 2018). Later that same year, the Tenth Circuit reaffirmed the holding in *Melgar-Cabrera* that a Hobbs

Act robbery is a crime of violence. *United States v. Jefferson*, 911 F.3d 1290, 1296–99 (10th Cir. 2018). The same holding also may be found in *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018) (denying Certificate of Appealability because a "Hobbs Act robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A) because that clause requires the use of violent force"); *United States v. Rojas*, 748 F. App'x 777, 779 (10th Cir. 2018) (applying *Melgar-Cabrera* and *Dubarry* and concluding "that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)"); and *United States v. Myers*, 786 F. App'x 161, 162 (10th Cir. 2019) (rejecting that *Davis* constituted an "intervening Supreme Court authority" that required reevaluation of *Melgar-Cabrera*, but stating even if reconsideration were required, the Court "would reach the same conclusion: Hobbs Act robbery is a crime of violence under the elements clause of § 924(c))").

Because the weight of this authority shows that Hobbs Act robbery constitutes a crime of violence under § 924(c) and Petitioner's conviction does not involve an attempted Hobbs Act robbery, the court previously ordered Petitioner to show cause why this case should not be dismissed on the ground that Petitioner "is entitled to no relief." In response, Petitioner asked the court to stay his case until the Tenth Circuit resolved a related Hobbs Act issue in *United States v. Toki*, 17-4153 (10th Cir.), and the court did so. The Tenth Circuit left the Hobbs Act convictions in *Toki* undisturbed. *United States v. Toki*, Case No. 17-4153, 2022 WL 274411, at *3 (10th Cir. Jan. 31, 2022) (noting petitioners did "not argue that *Borden* undermined the validity of . . . § 924(c) convictions predicated on Hobbs Act robbery").

Petitioner then asked the court to continue the stay in this case pending a decision by the Tenth Circuit in *United States v. Baker*. 49 F.4th 1348 (10th Cir. 2022). Petitioner now concedes

that most of his arguments for vacating his sentence are foreclosed by *Baker*, and states that he is asserting them to preserve them for appeal. The court agrees that *Baker* and other Tenth Circuit precedent precludes this court from finding that Hobbs Act robbery is categorically not a crime of violence.

However, Petitioner asserts a new argument that the court should vacate his § 924(c) conviction because his admission that he committed Hobbs Act robbery cannot validly be used as a § 924(c) predicate because attempting and completing robbery are both means of violating an indivisible statute. Petitioner makes this argument based on *United States v. Taylor*, 142 S. Ct. 2015, 2019 (2022), in which the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A).

In *Taylor*, however, the court recognized that the Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component. 142 S. Ct. at 2019. If a criminal statute "list[s] elements in the alternative, and thereby define[s] multiple crimes," it is "divisible," and courts apply the modified categorical approach." *Mathis v. United States*, 579 U.S. 500, 505 (2016). "[T]he Supreme Court's decisions instruct courts to decide first whether an alternatively phrased statute is comprised of elements or means and then, if the former, use the modified categorical approach to identify the relevant elements before applying the categorical approach." *United States v. Titties*, 852 F.3d 1257, 1268 (10th Cir. 2017). "The modified categorical approach allows courts to consult certain documents—for example, the charging document, plea agreement, and transcript of the plea colloquy—to decide 'what crime, with what elements, a defendant was convicted of.'" *United States v. Eccleston*, No. 20-2119, 2022 WL 3696664, at *2 (10th Cir Aug. 26, 2022) (unpublished) (quoting *Mathis*,

579 U.S. at 505-06); *see Descamps v. United* States, 570 U.S. 254, 265 (2013) (stating court may look to additional documents to determine which statutory offense was the basis of defendant's conviction).

In *Eccleston*, the Tenth Circuit held that the Hobbs Act is divisible and that robbery, attempted robbery, and conspiracy "comprise different elements." *Id.*, 2022 WL 3696664, at *2 (citing *United States v. Washington*, 652 F.3d 1251, 1263 n.12 (10th Cir. 2011) (recognizing that, "under the Hobbs Act, conspiracy and attempt appear as distinct crimes within the same statutory provision"). While an unpublished decision is not binding precedent, the court agrees with the *Eccleston* court's reasoning and conclusion that the Hobbs Act is divisible. Moreover, since the Supreme Court's decision in *Taylor*, the Tenth Circuit has continued to hold that completed Hobbs Act robbery is categorically a crime of violence. *See Baker*, 49 F.4th at 1357 n.4.

Because the Hobbs Act is divisible, the court applies the modified categorical approach to determine the relevant elements of Petitioner's offense. *Titties*, 852 F.3d at 1268. The modified categorical approach allows the court to review the Indictment and Statement in Advance of Plea, both of which establish that the predicate crime in Petitioner's case was a completed Hobbs Act robbery. Therefore, this case is factually distinguishable from *Taylor*, which involved attempted Hobbs Act robbery.

Because the governing Tenth Circuit authority provides that Hobbs Act robbery is categorically a crime of violence under § 924(c) and Petitioner's predicate conviction is for completed Hobbs Act robbery, not attempted Hobbs Act robbery, the court denies and dismisses Petitioner's § 2255 motion.

DATED this 2d day of February, 2023.

BY THE COURT:

Dale A. Kimball,
United States District Judge